## Roe v. Moon Township

*Metz, McClure, Hanna & MacAlister*, for plaintiffs.
*Van der Voort, Royston, Robb & Leonard*, for defendant.

NIXON, J., March 1, 1956.—Plaintiffs, as property owners and taxpayers of defendant township, seek to enjoin defendants from passing any ordinance or taking any action whatsoever towards the acquisition of certain properties for municipal purposes. Plaintiffs claim that the contemplated use would be in violation both of the existing township zoning law and of the Allegheny County airport zoning regulations, and further, by strong but unsubstantiated averments, that the board of supervisors is motivated by the purely private interests of third parties. Plaintiffs seek also to have enjoined a proposed change in the zoning ordinance. Although the board has instructed the solicitor to draft an ordinance and prepare the papers necessary

to appropriate the property in question, we emphasize that *as yet no ordinance has been enacted nor any other official township action taken towards that end.* Defendants have filed preliminary objections which are threefold: (a) Raising the jurisdictional question, (b) demurrer, and (c) a motion to strike scandalous and impertinent matter. It is upon these objections that the matter is now before us.

Defendants contend that plaintiffs have failed to exhaust their statutory remedy of appeal to the court of quarter sessions. This argument is obviously inapplicable, firstly because there is no ordinance on which to base an appeal, and secondly, because our courts have in numerous cases upheld the jurisdiction of equity in taxpayers' class suits to question the validity or propriety of municipal action, as distinguished from the individual right of appeal to question the legality of an ordinance. This court has jurisdiction, but whether or not plaintiffs, on the basis of the complaint, are entitled to the aid of equity is another matter, and one properly raised by the demurrer.

In each of the cases cited by plaintiffs where the court entertained taxpayers' suits (Bernstein v. Pittsburgh, 366 Pa. 200; Gericke v. Philadelphia, 353 Pa. 60, and Bickert v. Borough of West View, 90 Pitts. L. J. 377), the ordinance had been enacted into law, and suit was brought to prevent the municipal officials from carrying into effect the provisions thereof. That is not the situation here. Instead, we are asked to prevent the township supervisors from passing any ordinances dealing with the matters plaintiffs complain of.

We will not, indeed cannot, prevent duly constituted local authorities from exercising the functions vested in them by statute, in the absence of extraordinary circumstances. The allegations of the complaint certainly would not justify such interference, and it would be

gross injustice to *presume* that the township governing body will act unlawfully and illegally in carrying out its functions, which is in effect what we are asked to do. The mere fact that the supervisors are considering a plan which one group of taxpayers oppose certainly does not give rise to a cause of action either at law or in equity. If and when official action is taken by the township, the opponents may then file the statutory appeal or seek injunctive relief by equitable class action.

The present action is, to say the least, premature, and it will accordingly be dismissed. As we are dismissing the complaint in its entirety we do not deem it necessary to rule specifically upon each of the other points raised by defendants.

### Order of Court

And now, March 1, 1956, upon consideration of the preliminary objections ex parte defendants, it is ordered and decreed that plaintiff's complaint be and the same is hereby dismissed in its entirety. All costs to be paid by plaintiffs.